UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICHOLAS ROMANO | * | CIVIL ACTION NO: |
| | * | |
| VS. | * | SECTION: |
| | * | |
| WEST BEND MUTUAL INSURANCE | * | MAGISTRATE: |
| COMPANY, WINDY HILL FOLIAGE, INC. | * | |
| AND DUSTIN ANDERSON | * | |

*************************************************************************

## **COMPLAINT**

Complainant invokes the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code.

The following named party is complainant herein, to-wit:

1. Nicholas Romano, a person of full age and majority and domiciled in

    St. Tammany Parish.

The above named complainant respectfully represents as follows, to-wit:

I.

The following named parties are made respondents herein, to-wit:

(a) WEST BEND MUTUAL INSURANCE COMPANY, a foreign insurance

    company domiciled in Wisconsin with its principal place of business in the State

    of Wisconsin;

(b) WINDY HILL FOLIAGE, INC., a foreign corporation domiciled in Florida with

    its principal place of business in the State of Florida; sometimes hereinafter referred to as "Windy Hill"; and

(c) DUSTIN ANDERSON, a person of full age of majority domiciled in the State of Florida; sometimes referred to as "Anderson."

II.

The above named defendants are responsible and liable jointly, severally, solidarily and vicariously to complainant because of the following:

III.

This action results from a two vehicle collision occurring in Slidell, St. Tammany Parish on or about January 8, 2015.

IV.

Complainant, Nicholas Romano, was driving a 2008 Chrysler 300 and had just exited I-10 Eastbound onto Gause Boulevard West.  At the same time, a 2015 International Sleeper Tractor with a 2013 Great Dane Trailer, driven by Anderson and owned by Windy Hill, also exited I-10 Eastbound onto Gause Boulevard Westbound, and this trailer unlawfully drove left of center and struck complainant's vehicle.

V.

Upon the impact and collision, complainant, Nicholas Romano, was thrown about in the car.

VI.

As a result of the above accident, complainant, Nicholas Romano, suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VII.

Complainant, Nicholas Romano, has undergone medical treatment since the accident and will undergo further treatment.  Complainant was and still is limited from his normal activities as a result of the accident.  The injuries cause him pain and discomfort in his employment.

VIII.

The sole and proximate cause of the injuries and damages sustained by complainant was the individual, joint, solidary, concurrent and/or successive negligence of Anderson, which negligence includes but not limited to, to-wit:

(a)   failure to maintain a proper look-out;

(b)   failure to yield right of way;

(c)   failure to observe existing traffic conditions;

(d)   failure to observe complainant's vehicle in due time in order to avoid hitting same;

(e)   failure to observe due caution;

(f)   driving recklessly;

(g) failure to maintain control of his vehicle;

(h) striking complainant's vehicle;

(i) inattentiveness while driving;

(j) driving while exhausted and/or sleepy;

(k) improper left turn;

(l) failure to be attentive;

(m) driving left of center;

(n) failure to make sure roadway is safe to proceed from traffic signal;

(o) crossing dividing/center line of highway;

(p) improper crossing of lane dividing line;

(q) improper lane change;

(r) changing lane without first making sure could do so safely;

(s) failing to maintain a safe distance;

(t) careless operation of his vehicle;

(u) failing to operate the 18-wheeler at a reasonable rate of speed having due regard for traffic on Hwy. 190/Gause Boulevard for Nicholas Romano's vehicle, the conditions present and the condition of the co-defendants' 18-wheeler;

(v) failing to operate the 18-wheeler within the posted speed limit;

(w) operating the 18-wheeler in a fatigued physical and mental condition;

(x)   failing to exercise reasonable safety for himself and other traveling on Hwy. 190/Gause Boulevard;

(y)   failing to slow the 18-wheeler or otherwise maneuver the 18-wheeler so as to avoid to colliding with the vehicle complainant was operating;

(z)   violated other unspecified rules, regulations and statutes; and

(aa)  other negligence which may be proven at trial of this matter.

IX.

The defendant, Windy Hill, is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of January 8, 2015, described herein above and the injuries sustained by the complainant:

a)   negligently and carelessly failed to properly select, train, and or supervise their driver, Anderson;

b)   negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

c)   negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

d)   negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their driver;

e) negligently and carelessly permitted, allowed, and/or failed to stop their driver from operating motor vehicles in violation of 49 C.F.R. §395.3;

f) negligently and carelessly permitted, allowed, and/or failed to stop their driver, respondent, Anderson, from violating the rules of 49 C.F.R. §390.35 and 395.8 regarding driver records and logs;

g) negligently and carelessly permitted and allowed their driver, Anderson, to operate motor vehicles when said driver was experiencing sleep deprivation and/or cumulative fatigue;

h) negligently and carelessly failed to provide periodic systematic safety and/or defensive driving training for their driver;

i) negligently and carelessly failed to provide remedial training of their driver, Anderson;

j) negligently entrusted their vehicle to the defendant, Anderson;

k) negligent risk management;

l) negligently allowing or permitting the driver to have passengers in the truck who might distract the driver; and

m) any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

X.

Nicholas Romano itemizes the damages to which he is entitled as a result of the accident and injury proximately caused by the above described negligence of Windy Hill and Anderson, to-wit:

(a) Past physical pain, suffering and discomfort;

(b) Past mental anguish, aggravation, and annoyance;

(c) Disability;

(d) Future physical pain, suffering and discomfort;

(e) Future mental anguish, aggravation and annoyance;

(f) Past medical expenses;

(g) Future medical expenses;

(h) Past lost wages;

(i) Future lost wages;

(j) Loss of enjoyment of life;

(k) Loss of use/function of parts of body;

(l) Bodily disability;

(m) Impairment of psychological functioning;

(n) Disability from working to earn an income;

(o) Destruction of earning capacity; and

  (p)  Disability from engaging in recreation.

XI.

Complainant strictly reserves the right to amend and supplement this complaint as necessary concerning damages.

XII.

West Bend Mutual Insurance Company had issued a policy of public liability insurance insuring against the negligent operation of a motor vehicle on the date of accident in favor of Windy Hill and its employees including Anderson, under which Anderson is an omnibus insured. As the insurer of the defendant employer and employee driver, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XIII.

At the time of the accident Anderson was acting in the course and scope of his employment with Windy Hill as a driver. As the employer of Anderson, Windy Hill, is jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence and damages caused by its said employee during the course and scope of said employee's employment.

XIV.

Complainant further specifically pleads the doctrine of <u>res ipsa loquitur</u> in that the accident and injuries and damages would not have occurred in absence of the negligence of Anderson and Windy Hill.

XV.

West Bend Mutual Insurance Company, Windy Hill Foliage, Inc. and Dustin Anderson are jointly, severally, solidarily and vicariously liable and responsible to complainant for the negligence and damages set forth above.

XVI.

Pursuant to La. C.C.P. Art. 893, complainant reasonably and in good faith alleges the claims herein exceed the amount requisite for a jury trial, but reserves the right to amend as circumstances may dictate.

Complainant alleges the amount in controversy exceeds $75,000.00, the jurisdictional amount for diversity jurisdiction.

WHEREFORE, complainant prays that defendants be cited and served and that after due proceedings are had there be judgment in favor of complainant, Nicholas Romano, and against the defendants, West Bend Mutual Insurance Company, Windy Hill Foliage, Inc. and Dustin Anderson, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted:

Michael Hingle & Associates, LLC

 /s/ Michael Hingle
Michael Hingle, T.A. #6943
Colby F. Wenck, #27897
Michael Hingle, III, #33183
220 Gause Boulevard
Slidell, Louisiana 70458
Telephone: (985) 641-6800
Fax: (985) 646-1471

**PLEASE SERVE**:

WEST BEND MUTUAL INSURANCE COMPANY
through its agent for service of process:
James J. Pauly
1900 S. 18th Avenue
West Bend, WI 53095

WINDY HILL FOLIAGE, INC.
through its agent for service of process:
Jackie L. Short
35814 County Road 437
Eustis, FL 32736

DUSTIN ANDERSON
28 Roxboro Drive
Palm Coast, FL 32164

G:\Files\Romano, Nicholas\Plaintiff Pleadings\pld federal complaint 7.13.15 CFW sjm.wpd